# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**UNITED STATES OF AMERICA**

v.

**JONATHAN RYLES a/k/a JOHN BLACK**

Criminal Action 7:12-CR-29 (HL)

## PRELIMINARY ORDER OF FORFEITURE

On December 13, 2012, Defendant Jonathan Ryles, a/k/a John Black (hereinafter "Defendant") pled guilty to Counts One and Two of a Superseding Information charging that the Defendant did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance to wit: twenty-eight (28) grams of more of a mixture or substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(a)(1) and Section 841(b)(1)(B)(iii); and having been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly receive and possess a firearm that had previously been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1). The Superseding Information contained a Forfeiture Notice, pursuant to which the United States seeks forfeiture under 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853 of specific property which was involved in the commission of aforesaid violations. The Court has determined, based on the evidence already in the record and Defendant's Plea Agreement: (1) that

Defendant has an ownership interest in the property listed below; (2) that the following property is subject to forfeiture pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853; and (3) that the United States has established the requisite nexus between the aforementioned property to wit:

**FIREARM**

    (a) One (1) Ruger, Model P95DC, 9mm caliber semi-automatic pistol, Serial Number 313-87393, with attached magazine.

**AMMUNITION**

    (a) Nine (9) Rounds of Luger Ammunition.

Therefore, upon entry of this Order, the United States Attorney General or his designee is authorized to seize the property, and to conduct proper discovery in identifying, locating or disposing of the property in accordance with Fed. R. Crim. P. 32.2(b)(3) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the United States Attorney General or his designee may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property.

Any person, other than the Defendant, asserting a legal interest in the property must, within thirty-five days after receipt of notice, or no later than sixty days from the first day of publication on the official internet government forfeiture

site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n), as incorporated by Title 18, United States Code, Section 2253(b).

Pursuant to FED. R. CRIM. P. 32.3(b)(4), the Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third-party asserting an interest in the property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or if none, following the expiration of the

period provided in 21 U.S.C. § 853(n), as incorporated by Title 18, United States Code, Section 2253(b), for the filing of third-party petitions.

This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

**SO ORDERED,** this 9th day of January, 2013.

*s/ Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

ebr