**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 7:12-CR-29 (WLS-ALS) |
| | : | |
| JONATHAN RYLES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

The Court held a hearing on the United States Probation Office's Petition (Doc. 52) to revoke Defendant Jonathan Ryles's supervised release. This Order memorializes that hearing. Previously, Ryles pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). The Petition alleges six violations of his supervised release. (Doc. 52.)

At the hearing, Defense Counsel acknowledged that Ryles had been provided with a copy of the Petition for revocation and that Counsel had reviewed it with him. The Court advised Ryles of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify in his defense. Ryles was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which Ryles acknowledged he understood. The Court also confirmed from Ryles that he had received the Petition and the Revocation Report (Doc. 63) and reviewed them. Ryles stated that he had spoken to Counsel and wished to stipulate to Violation Six. Ryles chose to have a hearing on Violations One through Five.

Because Ryles stipulated and admitted to Violation Six as alleged, the Court found that the violation in the Petition had been established by a preponderance of the evidence.[1]

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release].'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is

The Government then presented evidence to demonstrate that Defendant committed Violations One, Two, Three, Four, and Five. The Government presented three witnesses and photographic and video evidence. Defendant did not have any objections to the admission of the photographic and video evidence, which was admitted into the record. Defendant cross examined each witness. Upon review of the evidence, the Court found that the Government had demonstrated Defendant's commission of Violations One, Two, Four, and Five by a preponderance of the evidence. The Court found that the Government had not demonstrated Defendant's commission of Violation Three by a preponderance of the evidence.

Once the violations had been established, the Court heard from the Government and Defense Counsel. Neither Ryles nor the Government objected to the Revocation Report. The Court then declared Ryles's probation revoked.

The Court determined Ryles's U.S. Sentencing Guidelines range to be 33 to 36 months based on Grade A violations and a criminal history category of VI. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced Ryles to a term of imprisonment of thirty-six months. The Court found this sentence appropriate to reflect the seriousness of Ryles's conduct and to protect the public. Ryles's imprisonment shall be followed by no term of supervised release.

For these reasons, the Petition (Doc. 52) is **GRANTED**, and Ryles's probation is **REVOKED**. Defendant is sentenced to a term of imprisonment of thirty-six months. After his release, he will have no term of supervised release.

**SO ORDERED**, this 6th day of October, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).